UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1075-DMG (JCx) | Date | November 3, 2022 |
| Title | *Rockmond Dunbar v. The Walt Disney Company, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION [52]**

On August 15, 2022, Plaintiff Rockmond Dunbar filed a Second Amended Complaint ("SAC") against Defendants American Broadcasting Companies, Inc. and Twentieth Century Fox Television. [Doc. # 49.]

In the instant Motion, Defendants move to dismiss Count II of the SAC, for disparate impact on the basis of religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. [Doc. # 52 ("Second MTD").] The motion is fully briefed. [Doc. ## 56 ("Opp."), 58 ("Reply").] For the reasons set forth below, the Court **GRANTS** Defendants' Second MTD **with prejudice**.

I.
**FACTUAL AND PROCEDURAL BACKGROUND**

Dunbar is a member of the Church of Universal Wisdom and an actor, writer, and producer. SAC at ¶¶ 1–3. Founded in 1974, Universal Wisdom followers believe, among other things, that it is a sacrilege to ingest medication, chemicals, or other foreign matters that "defy natural law." *Id*. ¶ 28. Dunbar has been a follower of Universal Wisdom since 2014. *Id*. ¶ 26.

In September 2021, when Dunbar was working for Defendants on the TV show "9-1-1," Defendants formally announced a policy that required certain employees to be fully vaccinated against COVID-19 by October 18, 2021. *Id*. ¶¶ 33, 43, 48. On October 4, 2021, Dunbar's agents submitted request forms on his behalf for an exemption to the vaccine requirement, citing both medical and religious reasons. *Id*. ¶ 50. Based on his adherence to Universal Wisdom, Dunbar has religious beliefs that conflict with receiving vaccines. *Id*. ¶ 55. Dunbar also has an unspecified medical disability because of which his doctors advised he should not receive a COVID-19 vaccine. *Id*. ¶ 49. On October 4, 2021, Defendants notified Dunbar's agents that the medical exemption letter submitted by Dunbar's physician was insufficient to receive a medical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-1075-DMG (JCx) | Date | November 3, 2022 |
|---|---|---|---|
| Title | *Rockmond Dunbar v. The Walt Disney Company, et al.* | Page | 2 of 3 |

exemption. *Id*. ¶ 56. In the same correspondence, Defendants expressed incredulity that Dunbar was also requesting a religious belief accommodation. *Id*. ¶ 58. Defendants ultimately rejected Dunbar's requests and terminated his employment on the basis of his non-compliance with the vaccination requirement on November 10, 2021. *Id*. ¶¶ 62, 81–83.

## II.
## LEGAL STANDARD

The Court previously set forth the standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss and need not repeat it here. *See* July 25, 2022 MTD Order at 3 [Doc. # 45]. The same standard applies to the current MTD.

## III.
## DISCUSSION

Defendants move to dismiss Dunbar's disparate impact claim for religious discrimination under Title VII on the ground that the SAC does not state facts sufficient to show that a protected religious group suffered a disparate impact, arguing that Plaintiff's amended allegations did not address the issues identified in the Court's July 25, 2022 Order dismissing Dunbar's First Amended Complaint ("FAC"). MTD 2 at 4–7.[1] Specifically, the Court's prior Order dismissed Dunbar's disparate impact claim because his FAC did not "plead facts that allowed the Court to infer there are other members of his protected group who are also impacted by Defendant's policy," since he originally asserted his claim on behalf of "all those who share a religious belief against vaccination" rather than a specific, articulable sub-group. Ord. re Defs.' Mot. to Dismiss at 3–4 [Doc. # 45 ("First MTD Ord.")].

To state a claim for disparate impact discrimination under Title VII, a plaintiff must allege (1) a significant disparity with respect to employment for the protected group, (2) the existence of a specific employment practice or set of practices, and (3) a causal relationship between the identified practice and the disparity. *Freyd v. University of Oregon*, 990 F.3d 1211, 1224 (9th Cir. 2021). Just as before, Dunbar's SAC fails to plead the first element, that a disparate impact on a protected group actually exists. He still cannot identify any other Universal Wisdom followers who have been adversely affected by Defendants' vaccination policy.

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1075-DMG (JCx) | Date | November 3, 2022 |
| Title | *Rockmond Dunbar v. The Walt Disney Company, et al.* | Page | 3 of 3 |

Dunbar's opposition rehashes similar arguments from the first round of briefing, without significant changes in the factual allegations that adequately support the missing first element. *Compare* Opp. at 17–32 *with* Pl.'s Opp. to Defs.' First MTD at 16–22 [Doc. # 42]. Based on an additional allegation describing three other individuals who were denied a religious accommodation to Defendants' COVID-19 vaccine mandate, he argues that his claim "aggregates" individuals from all kinds of religious denominations with "common religious practice[s]," which he claims is permissible under Title VII. SAC ¶ 115; Opp. at 24–26. He asks the Court to consider Title VII caselaw that allows claims to proceed based on shared religious practice, rather than just organized religious denominations. Opp. at 19–20. But he does not cite a single case where the protected group itself is defined by that practice.

This additional allegation does not fix the problem identified in the Court's First MTD Order, because it creates a tautology: the "protected group" he identifies is defined solely by the existence of the alleged discriminatory employment practices. This argument is not comparable to the cases he cites such as *Paige*, in which one racial group was being treated preferentially from other racial groups. Opp. at 21–22 (citing *Paige v. California*, 291 F.3d 1141, 1148 (9th Cir. 2002)); *see also* Reply at 7. As noted in the Court's First MTD Order, such a practice would give a "nearly limitless reach" to disparate-impact claims and does not comport with Title VII's requirements. First MTD Ord. at 4. The "law of the case" doctrine binds the Court to its prior opinion on these arguments. Reply at 2–3 (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).

Accordingly, the Court incorporates by reference herein the rest of its analysis from the First MTD Order and **GRANTS** Defendant's Second MTD. Because the Court has already granted Dunbar an opportunity to amend and he has not made appreciable amendments that address the pleading defect, Claim II of Dunbar's SAC is **DISMISSED**, without further leave to amend. *See* First MTD Ord. at 3–4.

### IV.
### CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' MTD as to Claim II, **with prejudice**. Defendants shall file their Answer by **November 18, 2022**. The November 4, 2022 hearing on the MTD is **VACATED**.

**IT IS SO ORDERED**.