Mason Barney (Pro Hac Vice)
Email: mbarney@sirillp.com
Elizabeth A. Brehm (Pro Hac Vice)
Email: ebrehm@sirillp.com
Sonal Jain (Pro Hac Vice)
Email: sjain@sirillp.com
**SIRI & GLIMSTAD LLP**
745 Fifth Ave, Suite 500
New York, NY 10166
Telephone: 212-532-1091
Facsimile: 646-417-5967

**PRECEPT GROUP, LLP**
Christopher Wren Czaplak (Cal. Bar No. 338818)
Email: chris@precept.co
8030 La Mesa Blvd., #268
La Mesa, CA 91942
Telephone: 619-354-4434
Fax: 866-265-7238

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKMOND DUNBAR, | CASE NO. 2:22-cv-1075-DMG (JCx) |
| Plaintiff, | **[DISCOVERY DOCUMENT; REFEREED TO MAGISTRATE JUDGE JACQUELINE CHOOLJIAN]** |
| v. | |
| AMERICAN BROADCASTING COMPANIES, INC.; TWENTIETH CENTURY FOX TELEVISION, A UNIT OF TWENTIETH CENTURY FOX FILM CORPORATION DOING BUSINESS AS 20TH TELEVISION, | **PLAINTIFF'S STATUS REPORT FOLLOWING THE AUGUST 22, 2023 HEARING ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| Defendants. | Discovery Cut-Off: October 17, 2023 |
| | Pretrial Conf.: January 30, 2024 |
| | Trial: February 27, 2024 |

Plaintiff Rockmond Dunbar ("**Mr. Dunbar**") hereby provides the following status report to the Court in compliance with the Court's August 22, 2023 order:

## A.   The August 22nd Conference

During the conference held on August 22, 2023, the Court provided its tentative views on a number of issues.  Among other things, the Court thought that Mr. Dunbar was entitled to at least limited discovery regarding the accommodation requests beyond the 9-1-1 production, and that it thought the relevant group of accommodation requests was likely any medical or religious accommodation requests from Zone A actors on Defendant Twentieth Century Fox Television ("**Fox**") television productions subject to the COVID-19 vaccination mandate where Erin Nguyen served as the decisionmaker regarding such accommodation requests.  Fox's counsel estimated there could be between 25 and 100 productions that fit this criteria.  As such, the Court was concerned about the burden that an unlimited production of this information might entail, and stated that a sampling of the relevant productions would likely be proportional to the needs of the case.  To that end, the Court directed Fox to produce a list of the productions that had the foregoing relevant group of accommodation requests and directed that the parties to meet and confer.  The Court issued an order to this effect later on August 22nd. (Dkt. No. 95.)

## B.   Fox's List of Just 16 Productions

Fox provided the following list of productions to Mr. Dunbar only yesterday afternoon (August 28th):

### *Fox Shows E. Nguyen Reviewed Requests re Vaccination Requirements*

1. 911
2. 911 Lone Star
3. American Born Chinese
4. American Horror Stories
5. American Horror Story
6. Big Leap

10. Only Murders In The Building
11. Ordinary Joe
12. Tell Me Lies
13. The Chi
14. The Resident
15. Wonder Years

7.  Big Sky                    16. This Is Us

8.  Maggie                     17. Up Here

9.  Mayans, M.C.

Despite Mr. Dunbar having very limited time to evaluate this list, counsel for Mr. Dunbar and Fox agreed to meet and conferred earlier today (August 29th).

**C.**     **Fox Refuses to Provide Information Necessary to Select the Productions**

During the August 29th conference, I clarified that the list should be applied to Fox's responses to Interrogatories Nos. 1 and 2[1] and Request For Production No. 38.[2] However, I agreed that Mr. Dunbar would limit the information requested in the sub-parts to Interrogatories Nos. 1 and 2.[3]  Fox's counsel presented no objection to this.

I then suggested that because the list of productions was so small, only 16 productions other than 9-1-1, it would be neither overly burdensome nor disproportionate to produce responses to the foregoing discovery requests for all 16 productions.  Fox's counsel refused this approach, stating that only a sampling of the 16 productions would be provided.  After further discussion, I stated that Mr. Dunbar could likely agree to a sampling of 50% of the productions (i.e., 8 productions), which Fox's counsel stated they could agree to as well.

---

[1] Interrogatories 1 and 2 respectively ask Fox to "[i]dentify all persons who submitted medical accommodation requests to Defendants' COVID-19 vaccine mandate from January 1, 2021 to the present…" and "[i]dentify all persons who submitted religious accommodation requests to Defendants' COVID-19 vaccine mandate from January 1, 2021 to the present…"
[2] Request for Production 38 sought "[a]ny Documents regarding interviews (whether formal or informal, recorded or non-recorded) regarding any requests for religious accommodations to the COVID-19 vaccine mandate from January 1, 2021 to present."
[3] For each person identify, Fox should provide: (1) name of the requestor; (2) the production where the request originated; (3) date the request for accommodation was submitted; (4) the basis or reason for the request (if a religious request what was the religion, if a medical request what was the nature of the medical condition); (5) nature of the accommodation sought (e.g., exemption, or length of extension); (6) date of all interviews of the requestor by Ms. Nguyen or others acting at her direction; (7) date the acceptance or denial of the accommodation request was transmitted to the requestor; (8) if denied what was the basis or reason for denial (e.g., lack of sincerity, undue hardship, failure to provide evidence, etc.); (9) current employment status of the requestor with Defendants; and (10) date of termination/separation of the requestor from employment with Defendants (if applicable).

However, after I said this, Fox's counsel clarified during the meet and confer that not all 16 productions included requests for accommodations from Zone A actors (defined by the parties to include anyone who appeared before a camera, including stunt personnel and stand ins).  Some of the 16 listed productions may only include requests for accommodation from crew members.  Given the Court's focus on accommodation requests from actors, during the meet and confer I asked that Fox identify the productions on the list that included requests from actors, and even indicated that if there were fewer than 8 of those productions, we would agree to only that limited sample of productions.  My concern was that, absent this information, Mr. Dunbar could select 8 productions and find out that a majority, or even all 8 selected, included only accommodation requests from crew and not requests from actors, making the production of little use to Mr. Dunbar.  Later in the day, Fox's counsel informed me that Fox categorically refused to provide information that it was not ordered to provide by the Court, including identifying the productions on the list where actors requested accommodations. I suggested that the parties keep discussing the issue and ask the Court to allow them until this Friday (September 1st) to file a full status update, but Fox's counsel refused this suggestion because it would not change its mind on providing additional information. It was this breakdown that now forces Mr. Dunbar to provide this separate status update.

Fox's narrow reading of its obligations and its refusal to cooperate in reaching a reasonable result are just another example of Fox trying to deny Mr. Dunbar the discovery necessary to prosecute his case.  Fox's claim that Mr. Dunbar is not entitled to such information because he did not request it before receiving the list is merely a game of gotcha, and this attitude merely servs to hinder the parties' efforts to resolve discovery disputes.  Mr. Dunbar should not be required to guess at the right productions when Fox could easily inform him of which productions are more likely to provide relevant information.   As such, <u>Fox should either be required to identify the productions where actors made accommodation requests so Mr. Dunbar can make an</u>

informed choice, or Fox should be required to produce responses for Interrogatories Nos. 1 and 2 and Request For Production No. 38 regarding all 16 productions so Mr. Dunbar is not disadvantaged by having to select at random.

### D.   **Additional Issues**

During the August 29th meet and confer counsel discussed several other issues raised by the Court's tentative statements, and it is possible that additional issues may be informally resolved.  As such, Mr. Dunbar asks that the parties be required to submit an additional status report on Friday, September 1, 2023, to identify any additional issues that have been resolved

Dated:  August 29, 2023          **SIRI & GLIMSTAD LLP**


                                  By:  __/s/ Mason A. Barney_____
                                        MASON A. BARNEY (*Pro Hac Vice*)
                                        ELIZABETH BREHM (*Pro Hac Vice*)
                                        SONAL JAIN (*Pro Hac Vice*)

                                        *Attorneys for Plaintiff*
                                        *Rockmond Dunbar*