Scott J. Street (SBN 258962)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

John W. Howard (SBN 80200)
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel.: (619) 234-2842
Email: johnh@jwhowardattorneys.com

Attorneys for Plaintiff ROCKMOND DUNBAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKMOND DUNBAR,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN BROADCASTING COMPANIES, INC; TWENTIETH CENTURY FOX TELEVISION, A UNIT OF TWENTIETH CENTURY FOX FILM CORPORATION DOING BUSINESS AS 20TH TELEVISION,<br><br>Defendants. | Case No. 22-cv-1075-DMG (JCx)<br><br>[Assigned to the Hon. Dolly Gee]<br><br>**PLAINTIFF ROCKMOND DUNBAR'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT [F.R.C.P 54(b)] OR CERTIFICATION OF INTERLOCUTORY APPEAL [28 U.S.C. § 1292]**<br><br>[Filed concurrently with Declaration of Scott J. Street; [Proposed] Order lodged concurrently]<br><br>Date: February 14, 2025<br>Time: 1:30 p.m.<br>Crtrm.: 8C |

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on February 14, 2025, or as soon as the matter may be heard, Plaintiff Rockmond Dunbar will, and hereby does, move that the Court enter a partial final judgment on his claim for failure to accommodate religion under California's Fair Employment and Housing Act ("FEHA"). Alternatively, Dunbar asks the Court to enter an order certifying that issue for interlocutory appeal.

The motion is brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1292. The Court denied the defense motion for summary judgment on Dunbar's Title VII religious accommodation claim. As the summary judgment order makes clear, given the overlap between the Title VII and FEHA claims, the Court would have also denied summary judgment on the FEHA claim but for its conclusion that FEHA defines "religion" more narrowly than Title VII. As explained below, there is substantial doubt about that conclusion. No California court has ever interpreted FEHA that way. Neither has the Ninth Circuit. To the contrary, courts in the Ninth Circuit regularly construe the two claims together.

Thus, whether under Rule 54(b) or section 1292 (which requires a controlling question of law), an immediate appeal of the FEHA claim is warranted. It will conserve judicial and party resources.

The motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the concurrently filed declaration of Scott J. Street, and on such further briefing and argument as may be presented.

Dunbar's counsel certifies that they met and conferred with Fox's counsel about this request before filing the motion, even providing Fox's counsel with a preliminary draft of the motion and explaining their rationale for writing it. Fox's counsel did not agree to stipulate to the relief and threatened to seek sanctions if Dunbar's counsel filed the motion. That was not proper, as attorneys should not use Rule 11 "to emphasize the merits of a party's position" or "intimidate an adversary into

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

1    withdrawing contentions that are fairly debatable." *Conboy v. United States Small*

2    *Bus. Admin.*, 992 F.3d 153, 164 (3d Cir. 2021) (quotations omitted); *see also Doering*

3    *v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (noting

4    that Rule 11 standard is "stringent" because sanctions "1) are in derogation of the

5    general American policy of encouraging resort to the courts for peaceful resolution of

6    disputes, 2) tend to spawn satellite litigation counter-productive to efficient

7    disposition of cases, and 3) increase tensions among the litigating bar and between

8    [the] bench and [the] bar").

9        Respectfully submitted,

10

11    Dated: January 16, 2025           JW HOWARD/ ATTORNEYS, LTD.

12               By:    */s Scott J. Street*

13                     Scott J. Street
   Attorneys for Plaintiff ROCKMOND

14                     DUNBAR

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case is set for trial on Dunbar's claim that his former employer, Twentieth Century Fox Television ("Fox"), violated Title VII of the Civil Rights Act of 1964 when it refused to accommodate his religious objection to a COVID-19 vaccination policy and fired him to avoid accommodating him.

That claim should be tried. As the Court correctly noted in its summary judgment ruling, Title VII does not allow courts, or juries, to question the "religiousness" of an individual's beliefs. Title VII also leaves little room to question the sincerity of those beliefs. That is a matter of individual credibility.

The same principles extend to California's analogous accommodation law, the Fair Employment and Housing Act ("FEHA"), which Dunbar also sued under. The Court granted Fox summary judgment on that claim, though, because it believed that California law defines "religion" more narrowly than Title VII.

The Court erred. It relied on a twenty-two-year-old case, *Friedman v. Southern California Permanente Medical Group*, 102 Cal. App. 4th 39 (2002), that misconstrued state and federal law, and which erroneously imposed a First Amendment Free Exercise standard on state law employment claims. *Friedman* is also inconsistent with multiple court decisions issued since it, including Ninth Circuit law that requires that FEHA and Title VII be construed in harmony.

Moreover, if FEHA does define religion more narrowly than FEHA, it would violate the First Amendment.

Thus, there is serious doubt about the legal issue that led the Court to grant summary judgment for Fox on Dunbar's FEHA claim. Given the overlap between the FEHA and Title VII claims—they require the same proof and involve the same legal issues—there is no just reason to delay appellate review of that issue. And the Court should stay further proceeding in this case until that appeal has been decided.

Fox will not be prejudiced by such a ruling, as an appeal plus a stay will
preserve the status quo until the Ninth Circuit rules on the FEHA issue.

Indeed, a Rule 54(b) order or section 1292 certification, plus an immediate
appeal and temporary stay of the case, will best serve the interests of justice and
judicial efficiency. Dunbar can seek greater damages under FEHA than under Title
VII, as FEHA does not cap damages in any way (Title VII does). There is no reason to
spend hundreds of thousands of dollars trying the Title VII case when a future appeal
could lead to the FEHA ruling being reversed and remanded for another trial that
exposes Fox to even greater exposure. The Court already found factual disputes
regarding the accommodation process that otherwise preclude summary judgment.
Thus, if possible, all related claims should be tried together.

## II.    FACTS

Mr. Dunbar is an actor. He used to work on the Fox show *9-1-1*. Declaration of
Scott J. Street, dated January 16, 2025 ("Street Decl."), ¶ 2. His contract was
terminated during the fall of 2021 due to his inability to comply with a mandatory
COVID-19 vaccination policy imposed by Fox on certain television productions. *Id.*

Dunbar sought religious and medical accommodation under the policy. *Id.*, ¶ 3.
Fox denied both. *Id.*

After exhausting his administrative remedies, Dunbar filed this lawsuit. ECF 1.
The operative Second Amended Complaint was filed on August 15, 2022. ECF 49.
Fox answered it on November 18, 2022. ECF 61.

Litigation consumed most of 2023, albeit with Fox's attorneys refusing to
provide discovery regarding Fox's ability to accommodate Dunbar without undue
hardship because, according to the lawyers, Fox was not making such an argument in
this case. Street Decl., ¶ 5; *see also* ECF 155 (Dunbar's Motion *in Limine* No. 1,
seeking to exclude such evidence for this reason).

Fox filed its motion for summary judgment on October 31, 2023. ECF 99.

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

Among other things, it sought summary judgment on both Dunbar's FEHA (state law) and Title VII (federal law) failure to accommodate religion claims. Fox's argument for both claims was the same: that Dunbar could not prevail because he merely "testified that his private communications with God—not the tenets of his faith—control his medical decisions." ECF 99-1, at 14:12-13; *see also id.* at 12:16-18 (arguing that "God tell[ing] Dunbar he cannot receive vaccination" is not a protected religious belief).

Although Fox cited *Friedman*, it did not argue that FEHA defines religion more narrowly than Title VII. It did not argue that in its reply, either. ECF 102. Fox stuck to its mantra: that "the reasoning—'God told me'—is not subject to any principled limitation" and thus, as a matter of law, cannot "be couched as religious in nature." *Id.* at 15:6-8 (quotations omitted).[1]

The Court heard argument on December 8, 2023. ECF 105.  It issued its order on March 8, 2024. ECF 121. The decision granted Fox summary judgment on all claims except the Title VII failure to accommodate religion claim. The Court found disputed factual issues about whether Fox could have accommodated Dunbar without undue hardship. *Id.* at 8-10. That reasoning likely would have extended to Dunbar's FEHA claim. But the Court granted judgment for Fox on the FEHA claim, finding that, under it, "the inquiry focuses more on the substance of an individual's claimed religious beliefs than the role those beliefs play in the individual's life." *Id.* at 10-12.

Trial was set for February 2025. But, at the end of 2024, Dunbar's previous counsel withdrew from the case. ECF 173. They were replaced by the undersigned counsel, who filed their notices of appearance on January 6. ECF 190, 191.

---

[1] As we will explain in our opposition to Fox's first motion *in limine*, it is wrong. Indeed, the Ninth Circuit has held that "[w]e may not ... question the legitimacy of [plaintiffs'] religious beliefs regarding COVID-19 vaccinations." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021); *see also Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (noting that assertions "of a sincere religious belief [are] generally accepted").

III.    **LEGAL STANDARD**

"It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291." *Cheng v. Commissioner*, 878 F.2d 306, 309 (9th Cir.1989). A party must obtain a Rule 54(b) order to appeal a partial summary judgment order. *Sierra Club v. Dep't of Transp.*, 948 F.2d 568, 571-72 (9th Cir. 1991).

"Rule 54(b), unlike a myriad of other provisions in the civil rules … contains no express temporal restrictions." *Bank of New York v. Hoyt*, 108 F.R.D. 184, 185 (D.R.I. 1985). Thus, there is no fixed time limit on making such a motion and, "though the seasonableness of an effort to obtain Rule 54(b) certification is certainly a factor to be weighed in the mix, it should not be accorded talismanic importance." *Id.* at 186; *see also Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002) (explaining that only limitation under Rule 54 is that "if the court issues an order which expressly states that there is no just reason for delay, the order becomes a judgment that is final and [immediately] appealable").

A summary judgment order may also be suitable for immediate appeal (subject to the Ninth Circuit's agreement) under 28 U.S.C. § 1292(b) if it involves a controlling question of law, rather than factual disputes. *Canela v. Costco Wholesale Corp.*, 971 F3d 845, 848-49 (9th Cir. 2020). Such a request usually must be brought "within a reasonable time after the order sought to be appealed." *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F3d 674, 675 (7th Cir. 2000).

IV.    **ARGUMENT**

The Court should grant the motion and enter a partial final judgment with respect to Dunbar's FEHA accommodation claim or an order certifying the legal issue of how FEHA defines "religion" for interlocutory appeal.

***Rule 54.*** Rule 54(b) permits the district court to "direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

7

expressly determines that there is no reason for delay." Fed. R. Civ. P. 54(b). Such judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

This case qualifies. Of course, the Court's summary judgment order did not eliminate any parties "and left open potentially full recovery in both of [the plaintiff's] ultimate areas of loss." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). But the trial court did the same thing under the same circumstances in the *Continental Airlines* case. The summary judgment order "effectively narrowed the issues" and "efficiently separated the legal from the factual questions." *Id.* And the court issued a partial final judgment with respect to the legal questions, allowing an immediate appeal, which the Ninth Circuit agreed with. *Id.*

The same is true here. The Court's FEHA ruling turned on a legal question, the meaning of "religion" under FEHA, not a factual finding. In fact, if the Court had construed FEHA's definition of religion to be identical to Title VII (as Dunbar contends), it would have *denied* summary judgment because of the factual disputes regarding the accommodation process. ECF 121 at 12-16 (describing them).

Thus, this is the type of case that warrants a partial final judgment under Rule 54(b). That is so despite the factual overlap between the FEHA and Title VII claims. Of course, the Ninth Circuit has vacated a partial final judgment when the affected claims "were inseverable, both legally and factually, from claims that remained unadjudicated in the district court, and there were no unusual and compelling circumstances that otherwise dictated entry of an early, separate judgment on that part of the case." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981).

But, although "similarity in legal and factual issues weighs heavily against

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

entry of judgment, [ ] it is not necessarily dispositive." *VCL Commc'ns GmbH v. Crystal Sky, LLC*, No. CV081374ABCJWJX, 2009 WL 10672756, at *6 (C.D. Cal. Nov. 19, 2009) (quotations omitted) (cleaned up). Instead, "the movant must demonstrate a seriously important reason for certification." *Id.* (quotations omitted); *see also Int'l Longshore & Warehouse Union v. ICTSI Ore., Inc.*, 863 F.3d 1178, 1185 (9th Cir. 2017) (funding Rule 54(b) judgment to be proper when legal issues were sufficiently discrete and complex).

That is the case here. The Court's summary judgment decision relied heavily on *Friedman*. But *Friedman's* reasoning was flawed. It discussed the purported difference between Title VII and the Supreme Court's *Seeger* and *Welsh* decisions, a distinction that no longer exists. *See, e.g., Bordeaux v. Lions Gate Entertainment, Inc.*, No. 2:22-CV-04244-SVWPLA, 2022 WL 19076668, at *6 (C.D. Cal. Dec. 28, 2022), as modified on reconsideration, 2023 WL 3667353 (C.D. Cal. May 5, 2023) (noting that "courts across the country have repeatedly applied the *Seeger* test in the Title VII context to determine whether a set of beliefs are religious or not").[2]

That is why, to our knowledge, before the pandemic, no court had relied on *Friedman* to find that FEHA defines religion differently than Title VII. To the contrary: "Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying [their] own statutes." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 354 (2000).

Indeed, if FEHA did define religion more narrowly than Title VII—giving employers and judges the power to question the *substance* of a person's beliefs—it

---

[2] The Court also analyzed Dunbar's FEHA claim using the "*Africa* factors," which the Third Circuit developed for cases filed under the Free Exercise Clause. The scope of "religion" under the employment laws "is broader than that applicable in the context of the First Amendment." *Conner v. Tilton*, No. C 07-4965 MMC PR, 2009 WL 4642392, at *6 (N.D. Cal. Dec. 2, 2009), aff'd, 430 F. App'x 617 (9th Cir. 2011). Thus, courts have held that, while "helpful," the *Africa* factors are "not dispositive" in employment cases. *Detwiler v. Mid-Columbia Med. Ctr.*, No. 3:22-CV-01306-JR, 2022 WL 19977290, at *3 n.3 (D. Or. Dec. 20, 2022), report and recommendation adopted, 2023 WL 3687406 (D. Or. May 26, 2023).

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

would violate the First Amendment. *See, e.g., Does 1-11 v. Bd. of Regents of Univ. of Colo.*, 100 F.4th 1251, 1257 (10th Cir. 2024) (holding that "government may not use its views about the legitimacy of a religious belief as a proxy for whether such belief is sincerely-held" in this context).

Thus, the proper interpretation of "religion" under FEHA is the type of discrete and complex legal issue that satisfies Rule 54(b). And there is no just reason to delay. If the Court grants this relief, Dunbar will file his appeal immediately. Given the discreteness of the legal issue, briefing could be completed before summer, with argument in the Ninth Circuit soon after that. Street Decl., ¶ 10.

Doing that will serve all parties' interests. There is a cap on damage awards in Title VII cases. *See, e.g., Paterson v. California Dep't of Gen. Servs.*, No. 2:05CV-00827-MCE-JFM, 2008 WL 4186037, at *1 (E.D. Cal. Sept. 10, 2008) (describing them generally). But the "cap does not apply to state law claims." *Id.* Thus, without a partial Rule 54(b) judgment and appeal now, Fox could face multiple jury trials and multiple jury verdicts, the second of which could be larger than the first. Judicial efficiency counsels against that.

***Section 1292(b).*** An appeal is also warranted under section 1292(b), the statute that governs interlocutory appeals.

A court may certify an issue for interlocutory appeal if its decision "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This means a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *United States v. Intermountain Healthcare, Inc.*, No. 2:20-cv-00372-TC-CMR, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022). The question is controlling if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Anderson v. Hickenlooper*, No. 11-cv-01350-WJM-BNB, 2012 WL

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

1  4359076, at *2 (D. Colo. Sept. 21, 2012); *see also Env't World Watch, Inc. v. Walt*
2  *Disney Co.*, No. CV0904045DMGPLAX, 2014 WL 10979864, at *2 (C.D. Cal. Apr.
3  2, 2014) ("*EWW*") (explaining that "question must be a pure question of law, as
4  opposed to a mixed question of law and fact").

5      Those requirements are met here. As explained above, no California court has
6  construed FEHA to define religion more narrowly than Title VII. And the Ninth
7  Circuit has repeatedly held "[w]e may not ... question the legitimacy of [plaintiffs']
8  religious beliefs regarding COVID-19 vaccinations." *Doe v. San Diego Unified Sch.*
9  *Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021); *see also Keene v. City & Cnty. of San*
10 *Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (noting
11 that assertions "of a sincere religious belief [are] generally accepted").

12     Thus, at minimum, there is a substantial difference of opinion about whether
13 FEHA defines religion more narrowly than Title VII. *See, e.g., Reese v. BP*
14 *Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (explaining that "[a]
15 substantial ground for difference of opinion exists were reasonable jurists might
16 disagree on an issue's resolution, not merely where they have already disagreed").

17     Indeed, the lack of case law regarding a threshold legal issue caused this Court
18 to grant a section 1292(b) request to challenge its summary judgment ruling in the
19 *EWW* case. EWW, 2014 WL 10979864, at *3-4. It stayed the case pending the
20 appellate proceedings.

21     The Court should do the same thing here. The Court's construction of FEHA, a
22 California statute, was the sole basis on which the Court granted Fox summary
23 judgment on Dunbar's state law failure to accommodate religion claim. Given the
24 overlap that otherwise exists between the FEHA claim and the Title VII claim on
25 which the Court denied summary judgment, and which is set for trial, it is in
26 everybody's best interest to determine, as quickly as possible, whether the Court erred
27 in its legal conclusion.
28

## V.    __CONCLUSION__

The Court should grant the motion and either enter a partial final judgment on Dunbar's FEHA accommodation claim or an order under section 1292(b) certifying that portion of its summary judgment order for interlocutory appeal. The Court should stay the rest of this case pending resolution from the Ninth Circuit.

Respectfully submitted,


Dated:  January 16, 2025

JW HOWARD/ ATTORNEYS, LTD.

By:    */s/ Scott J. Street*

Scott J. Street
Attorneys for Plaintiff ROCKMOND
DUNBAR

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On January 16, 2025, I electronically filed the **PLAINTIFF ROCKMOND DUNBAR'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT [F.R.C.P 54(b)]** and served the documents using the Court's Electronic CM/ECF Service which will send electronic notification of such filing to all registered counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 16, 2025, at San Diego, California.

/s/ *Peter Shelling*_____
Peter Shelling
pshelling@jwhowardattorneys.com

MOT. TO ENTER PARTIALJUDGMENT OR INTERLOCUTORY APPEAL    CASE NO. 22-cv-1075-DMG (JCx)