UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1075-DMG (JCx)** | Date | February 10, 2025 |
|---|---|---|---|

| Title | *Rockmond Dunbar v. Twentieth Century Fox Television, et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO ENTER PARTIAL JUDGMENT PURSUANT TO RULE 54(b) OR CERTIFICATION OF INTERLOCUTORY APPEAL 28 U.S.C. § 1292 [195]**

Pending before the Court is Plaintiff Rockmond Dunbar's motion to enter partial judgment pursuant to Rule 54(b) or certification of interlocutory appeal under 28 U.S.C. § 1292 [Doc. # 195 ("Mot.")] following the Court's March 8, 2024 Order regarding Defendants Twentieth Century Fox Film Corporation and American Broadcasting Companies, Inc. (collectively, "Defendants") Motion for Summary Judgment [Doc. # 121 ("MSJ Ord.")]. The Motion is fully briefed. [Doc. ## 202 ("Opp."), 203 ("Reply"), 213.]

Because Dunbar has not met the requirements for either entry of partial judgment or certification of an interlocutory appeal, Dunbar's Motion is **DENIED**.

**I.
PROCEDURAL HISTORY**

In the MSJ Order, the Court granted Defendants' MSJ as to all of Dunbar's claims, except for his Title VII claim for failure to provide religious accommodations. MSJ Ord. at 25. The Court identified the issues that will proceed to trial: (1) whether Dunbar had a sincerely held religious belief within the meaning of Title VII; (2) whether Defendants failed to engage in the interactive process; and (3) whether any reasonable accommodation would actually have been available to Dunbar without undue hardship to Defendants. *Id.* One of the dismissed claims was Dunbar's claim for religious discrimination under California's Fair Employment and Housing Act ("FEHA"), California Government Code section 129000 *et seq.* Mot. at 2.

On December 13, 2024, the Court granted prior counsel for Dunbar's motion for leave to withdraw. [Doc. # 173.] Trial was previously set for January 14, 2025. [Doc. # 173 at 1.] In order to allow Dunbar to retain new counsel, the Court continued the Final Pretrial Conference to February 11, 2025, where the Court will reschedule the trial date, if necessary. [Doc. # 173 at 2.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1075-DMG (JCx) | Date | February 10, 2025 |
| Title | Rockmond Dunbar v. Twentieth Century Fox Television, et al. | Page | 2 of 4 |

Dunbar's new current counsel filed their notices of appearance on January 6, 2025, and this motion 10 days later on January 16, 2025. [Doc ## 190, 191.]

## II.
## DISCUSSION

Under 28 U.S.C. section 1291, the court of appeals has jurisdiction to review only final decisions of district courts. Orders denying summary judgment are not considered "final" and are therefore not appealable under 28 U.S.C. section 1291. *See Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884–84 (9th Cir. 2003).

Dunbar seeks partial final judgment under Rule 54(b) with respect to Dunbar's FEHA accommodation claim, or an order certifying the "legal issue" of how FEHA defines religion for interlocutory appeal under 28 U.S.C. section 1292. Mot. at 4. Dunbar presents three arguments in support of his motion: (1) the Court "erred" in relying on *Friedman v. S. Cal. Permanente Med. Grp.*, 102 Cal. App. 4th 39, 43 (2002), *as modified* (Sept. 24, 2002), which misconstrued state and federal law and erroneously imposed a First Amendment Free Exercise standard on state law employment claims; (2) *Friedman* is "inconsistent with multiple court decisions issued since it, including Ninth Circuit law that requires FEHA and Title VII be construed in harmony"; and (3) if FEHA defines religion more narrowly than Title VII, it would violate the First Amendment. *Id.* Dunbar requests the Court stay this action pending appeal in the interests of justice and judicial efficiency since Dunbar can seek greater damages under FEHA than under Title VII (i.e., FEHA does not cap damages while Title VII does). *Id.* at 5.

**1. Rule 54(b)**

When there are multiple claims or multiple parties to an action, the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) certification "is proper if it will aid 'expeditious decision' of the case.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)). A judgment under Rule 54(b) is improper where the adjudicated and pending claims are closely related and stem from the same basic transaction. *See Romoland School Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 749 (9th Cir. 2008).

Dunbar has not persuaded this Court why it should deviate from binding Ninth Circuit authority that proscribes entry of partial final judgment in circumstances such as exist in this case. His adjudicated FEHA claim and his pending Title VII claim are inseverable, draw from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1075-DMG (JCx) | Date | February 10, 2025 |
| Title | Rockmond Dunbar v. Twentieth Century Fox Television, et al. | Page | 3 of 4 |

the exact same set of facts, and are merely different theories of recovery for the same alleged wrongful conduct. *See Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981). Entering partial final judgment on a single dismissed claim at this juncture would not narrow the issues, shorten the length of the trial, or help streamline a complex case. *Cf. Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (affirming a partial judgment under Rule 54(b) where it "effectively narrowed the issues, shortened any subsequent trial by months"). Dunbar relies on the remote possibility of a successful interlocutory appeal of the Court's grant of summary judgment on his dismissed FEHA claim to justify delaying the case now. The Court does not find it appropriate to issue a Rule 54(b) certification at this time, because rather than aid expeditious decision of the case, it would prolong it as the case is about to go to trial.

**2.     Interlocutory Appeal under 28 U.S.C. § 1292**

A district judge may certify for immediate appeal an otherwise unappealable interlocutory order if (1) "such order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on the issue; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because Section 1292(b) "is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly" and invoked only in "rare circumstances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Section 1292(b) certification "requires the district court to expressly find in writing that all three [section] 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Delay alone may be sufficient to deny certification under 28 U.S.C. section 1292. *Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010). The party seeking certification must act with diligence. *Id.* (denying an interlocutory appeal where motion was untimely filed 78 days after the summary judgment order and seeks to avoid trial). Here, Dunbar files his motion for interlocutory appeal **325 days** after the Court's Summary Judgment Order. While undeniably untimely, the Court will nonetheless briefly address the merits of his motion.

Dunbar has not demonstrated that there is substantial ground for difference of opinion on the issue of the definition of religion under FEHA. As Defendants point out, every case that has considered the issue to date has relied on the *Friedman/Africa* test, upon which this Court relied. Defendants' Opp. at 10 [Doc. # 202][1]; *see Friedman*, 102 Cal.App.4th at 69 ("We conclude that the best way to assess whether an FEHA claimant's 'beliefs, observances, or practices' have 'a

---

[1] Citations are to the page numbers inserted by the CM/ECF pagination system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1075-DMG (JCx) | Date | February 10, 2025 |
| Title | *Rockmond Dunbar v. Twentieth Century Fox Television, et al.* | Page | 4 of 4 |

place of importance parallel to that of traditionally recognized religions,' as required by regulation 7293.1, is to utilize the objective analysis enunciated by the Third, Ninth, Eighth, and Tenth Circuits in *Africa*, *Wiggins*, *Alvarado*, and *Meyers*.") (citing *Africa v. Com. of Pa.*, 662 F.2d 1025 (3d Cir. 1981)).

Dunbar also fails to show how an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). For this factor, Dunbar argues that due to the overlap between the FEHA and Title VII claims, it is "in everybody's best interest to determine, as quickly as possible, whether the Court erred in its legal conclusion." Mot. at 11. But as noted above, certification for interlocutory appeal and a stay pending appeal on the eve of trial would delay rather than advance the ultimate termination of the litigation. Mot. at 11. At most, even assuming Dunbar could prevail in an interlocutory appeal, he would merely expand the amount of damages available under his FEHA theory of recovery. That is not a "controlling issue of law" that would affect the adjudication of his Title VII claim. In short, Dunbar has not met any of the requirements under section 1292(b).

## IV.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Dunbar's Motion in its entirety. The February 14, 2025 hearing on the Motion is **VACATED**.

**IT IS SO ORDERED.**