Scott J. Street (SBN 258962)
Mitchell B. Stein (SBN 82966)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com
mitchell@jwhowardattorneys.com

Attorneys for Plaintiff ROCKMOND
DUNBAR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKMOND DUNBAR,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN BROADCASTING COMPANIES, INC; TWENTIETH CENTURY FOX TELEVISION, A UNIT OF TWENTIETH CENTURY FOX FILM CORPORATION DOING BUSINESS AS 20TH TELEVISION,<br><br>Defendants. | Case No. 22-cv-1075-DMG (JCx)<br><br>[Assigned to the Hon. Dolly Gee]<br><br>**PLAINTIFF ROCKMOND DUNBAR'S NOTICE OF MOTION AND MOTION FOR ISSUE AND EVIDENTIARY SANCTIONS DUE TO DEFENDANT'S REFUSAL TO COMPLY WITH COURT ORDER REGARDING ASSERTION OR WAIVER OF UNDUE HARDSHIP (HEALTH AND SAFETY) DEFENSE [FED. R. CIV. P. 16(f)]**<br><br>[Filed concurrently with Declaration of Scott J. Street; [Proposed] Order lodged concurrently]<br><br>Date: June 27, 2025<br>Time: 9:30 a.m.<br>Crtrm.: 8C |

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

PL'S MOTION FOR SANCTIONS                     CASE NO. 22-cv-1075-DMG (JCx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on June 27, 2025, or as soon as the matter may be heard, Plaintiff Rockmond Dunbar will, and hereby does, move for sanctions based on the refusal of Defendant Twentieth Century Fox Television ("Fox") to comply with the Court's order requiring it to waive any undue hardship defense if it wishes to raise health and safety issues without pleading the undue hardship defense.

Mr. Dunbar brings this motion pursuant to Rule 16 of the Federal Rules of Civil Procedure. There is good cause to grant it. As explained in the motion *in limine* briefing, and at the related hearing on those motions, Fox did not plead an "undue hardship" defense. It used that decision to block discovery of health and safety issues. Then, in the briefing on the *in limine* motions, Fox's counsel changed positions. They said this case *is* about health and safety. They argued that "health and safety" does not fall within the undue hardship defense. They said they could litigate health and safety divorced from an undue hardship defense (on which they would bear the burden of proof).

The Court rejected that argument, saying it "is contradicted by the law, Defendants' own communications, and the proposed Final Pretrial Conference Order …." ECF 228 at 11. The Court reopened discovery about the health and safety issues and said that Fox could not present a health and safety argument "divorced from an undue hardship defense, unless they wish to waive *any* undue hardship defense, including health and safety concerns, in the event the burden shifts to them." *Id.* at 12.

Since then, Fox's counsel has made clear that Fox *will* try to litigate health and safety concerns but will *not* seek leave to amend to assert an undue hardship defense. To do that, the Court's order requires that Fox "waive any undue hardship defense …." But Fox has refused to sign a stipulation waiving the defense, despite initially saying that it would.

That is not proper. The Court's order was clear: Fox cannot argue health and

PL'S MOTION FOR SANCTIONS                                    CASE NO. 22-cv-1075-DMG (JCx)

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

safety as a background matter unless it waives the undue hardship defense. Vague emails from counsel that they do not have to waive the defense because they did not plead it before do not comply with the Court's order, especially when coupled with a refusal to appear at a deposition for which the Court reopened discovery.

Specifically, Mr. Dunbar seeks the following sanctions:

**1. Issue sanction:** An order deeming that Fox has waived the undue hardship/health and safety defense.

**2. Evidentiary sanction:** An order precluding Fox from presenting evidence about the alleged health and safety risk of accommodating Dunbar as an unvaccinated actor on the *9-1-1* set, including expert testimony about that matter and testimony about the alleged unvaccinated minors on the set, the latter of which was subject of a properly noticed deposition that Fox refused to appear for while also refusing to waive the defense.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place through multiple emails and telephone conferences since February 12, 2025, and which culminated in person yesterday, during Mr. Dunbar's limited-scope deposition. As explained in the attached declaration, Fox refused to waive the undue hardship/health and safety defense, as set forth in the Court's order.

Respectfully submitted,

Dated:  May 30, 2025

JW HOWARD/ ATTORNEYS, LTD.

By:  */s Scott J. Street*
Scott J. Street
Attorneys for Plaintiff ROCKMOND
DUNBAR

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This motion should be easy to decide. The case is set for trial in October on Dunbar's claim that his former employer, Twentieth Century Fox Television ("Fox"), violated Title VII of the Civil Rights Act of 1964 when it refused to accommodate his religious objection to a COVID-19 vaccination policy and fired him to avoid accommodating him.

The jury would typically ask two questions. First, did Dunbar have a sincerely held religious objection to vaccination? If so, could Fox have accommodated him without undue hardship? The first element is usually easy to establish, as it is a matter of individual credibility. Thus, most cases turn on the second question.

But Fox did not plead the "undue hardship" defense. In fact, during discovery, it disclaimed the defense. Its counsel told Dunbar's previous counsel that Fox was *not* making an undue hardship argument. They blocked discovery of any facts related to undue hardship, including the alleged safety risk of having an unvaccinated actor on the *9-1-1* set.

Then, after discovery closed, Fox changed positions. It argued in the motions *in limine* that this case was "always" about health and safety. Thus, Fox said it *would* argue that it could not have accommodated Dunbar for safety reasons. And it argued that it did not have to plead "health and safety" as a defense because it is not part of the undue hardship defense.

The Court held otherwise. It rejected Fox's "novel argument" finding it to be "contradicted by the law, Defendants' own communications, and the proposed Final Pretrial Conference Order …." ECF 228 at 11. The Court reopened discovery so Dunbar's counsel could get discovery of facts needed to challenge Fox's health and safety argument. *Id.* at 12. It ordered the parties to complete that discovery by June 9. And it held specifically that Fox "may not present a 'health and safety' defense

divorced from an undue hardship defense, unless they wish to waive *any* undue hardship defense, including health and safety concerns, in the event the burden shifts to them." *Id.*

We noticed a deposition for June 2 to obtain the necessary information, offering to take it off-calendar if Fox waived the undue hardship defense, as described in the Court's order. Eventually, Fox's counsel responded and said Fox would not amend its answer to assert a hardship defense. But Fox refused to sign a stipulation waiving the defense, as the Court's order envisioned, and its counsel kept repeating the same mantra: that undue hardship only covers financial costs, not safety concerns.

That is not proper. The Court already ruled on this. It held that if Fox wants to litigate health/safety concerns divorced from an undue hardship defense, then it *must* "waive *any* undue hardship defense, including health and safety concerns, in the event the burden shifts to them." ECF 228 at 12.

This is a critical matter. We are trying to prepare for trial. If Fox waives the undue hardship defense, the trial will be much shorter. Numerous witnesses (including experts) will not have to testify. The jury instructions will be shorter. Everything will be easier. But if Fox does not waive the defense, it may still try to use that evidence, just without having to plead and prove the defense according to the legal standard.

That is likely why the Court issued its previous order. Fox must either plead the undue hardship defense or waive it. And since Fox has indicated, yet again, that it will *not* plead undue hardship as a defense if the burden shifts, the Court should order Fox to waive the defense and preclude it from presenting health and safety evidence, including expert testimony about those issues, at trial.

## II.   FACTS

Mr. Dunbar is an actor. He used to work on the Fox show *9-1-1*. Declaration of Scott J. Street dated May 30, 2025 ("Street Decl."), ¶ 2. His contract was terminated during the fall of 2021 due to his inability to comply with a mandatory COVID-19

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

1   vaccination policy imposed by Fox on certain television productions. *Id.*

2       Dunbar sought religious and medical accommodation under the policy. *Id.*, ¶ 3.

3   Fox denied both. *Id.*

4       After exhausting his administrative remedies, Dunbar filed this lawsuit. ECF 1.

5   The operative Second Amended Complaint was filed on August 15, 2022. ECF 49.

6   Fox answered it on November 18, 2022. ECF 61.

7       Litigation consumed most of 2023, albeit with Fox's attorneys refusing to

8   provide discovery regarding Fox's ability to accommodate Dunbar without undue

9   hardship because, according to the lawyers, Fox was not making such an argument in

10  this case. Street Decl., ¶ 5; *see also* ECF 155 (Dunbar's Motion *in Limine* No. 1,

11  seeking to exclude such evidence for this reason).

12      Fox filed its motion for summary judgment on October 31, 2023. ECF 99.

13  Among other things, it sought summary judgment on both Dunbar's FEHA (state law)

14  and Title VII (federal law) failure to accommodate religion claims. Fox's argument

15  for both claims was the same: that Dunbar could not prevail because he merely

16  "testified that his private communications with God—not the tenets of his faith—

17  control his medical decisions." ECF 99-1, at 14:12-13; *see also id.* at 12:16-18

18  (arguing that "God tell[ing] Dunbar he cannot receive vaccination" is not a protected

19  religious belief).

20      The Court heard argument on December 8, 2023. ECF 105.  It issued its order

21  on March 8, 2024. ECF 121. The decision granted Fox summary judgment on all

22  claims except the Title VII failure to accommodate religion claim. Although Fox did

23  not raise an undue hardship argument on summary judgment, the Court found

24  disputed factual issues about whether Fox could have accommodated Dunbar without

25  undue hardship. *Id.* at 8-10. Among other things, the Court noted the presence of

26  "unvaccinated minors" on the *9-1-1* set as a potential health and safety risk that might

27  have justified the denial of Dunbar's accommodation request, even if he had satisfied

28

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

1   the first part of the analysis.

2       Fox seized on that statement. As the case moved toward the initial trial date in

3   February 2025, Fox's counsel suddenly said they *would* make an undue hardship

4   argument, grounded in health and safety concerns, at trial. Street Decl., ¶ 8. Dunbar's

5   previous counsel objected to that, pointing out that Fox had not pleaded an undue

6   hardship defense and had disclaimed the argument, using that disclaimer to block

7   discovery of health and safety issues. *Id.*; *see also* ECF 155.

8       In its response, Fox doubled down. It said "that the undue hardship defense

9   Defendants raise is premised exclusively on health and safety ...." ECF 204 at 2-3.

10  Fox's counsel also said that "serious and sincere concerns about safety have *always*

11  been the backdrop of this matter and are probative regarding why it was so important

12  to understand whether Dunbar held a sincere religious belief ...." *Id.* at 3 (emphasis

13  added). They said that "the safety backdrop, including the undisputed presence of

14  minors or older individuals on set, is relevant and of no surprise to Dunbar." *Id.*

15      Fox's counsel repeated this mantra at the hearing on the *in limine* motions.

16  They indicated that they would seek to amend their answer to conform to proof at

17  trial. Street Decl., ¶ 10. And they inserted language about the alleged hardship of

18  accommodating Dunbar in their proposed jury instructions. *See* ECF 218 at 36

19  (proposed jury instruction no. 4: "An accommodation is 'reasonable' if it is effective

20  and its burden is not clearly disproportionate to the benefits that it will produce").

21      Indeed, Fox's proposed jury instruction no. 5 is "Definition of Undue Burden

22  Caused by Health and Safety Risk." *Id.* at 39.

23      The Court held otherwise. In its order on the *in limine* motions, it specifically

24  rejected "Defendants' novel argument that 'health and safety' concerns are not

25  tantamount to an undue hardship defense, and merely a factual backdrop," as being

26  "contradicted by the law, Defendants' own communications, and the proposed Final

27  Pretrial Conference Order …" ECF 228 at 11. It held that Fox "may not present a

28

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

PL'S MOTION FOR SANCTIONS                    CASE NO. 22-cv-1075-DMG (JCx)

'health and safety' defense divorced from an undue hardship defense, unless they wish to waive any undue hardship defense, including health and safety concerns, in the event the burden shifts to them." *Id.* at 12.

Because Fox's counsel said at the hearing that they intended to litigate health and safety concerns at trial, and amend their answer, the Court reopened discovery so Dunbar's counsel could gather evidence regarding that argument. *Id.* The discovery had to be completed by June 9.

The Court issued that order on February 24. Dunbar's counsel immediately reached out to Fox's counsel to obtain the necessary discovery. Street Decl., ¶ 13. We told them that we thought the most efficient way to obtain the information would be through a 30(b)(6) deposition, which we noticed for June 2. *Id.*, ¶ 14, Exhs. A, B.

Fox's counsel did not disagree with that approach. But they did not move quickly. Instead, Fox's counsel ignored our request for weeks. Then they emailed to say that the deposition was not necessary because Fox would not be making an undue hardship defense at trial. *Id.*, ¶ 15, Exh. C. We responded that we would take the deposition off calendar after Fox signed a stipulation waiving the undue hardship defense, as envisioned by the Court's *in limine* order. *Id.*, ¶¶ 15-16.

Initially, Fox's counsel agreed. Fox's lead counsel, Maria Rodriguez, said: "We are definitely stipping—no undue hardship." *Id.*, Exh. C at 1. Fox's counsel even offered to draft the stipulation with the required waiver language, saying on Friday April 25 that they would "draft it today and get it to you by Monday." *Id.* at 4; *see also id.* at 1 ("We've been buried but will get the stip out to you asap.").

Then, suddenly, the story changed. Another Fox attorney, Ariel Beverly, wrote to say that "Nothing in the order suggests we need to prepare a stipulation as to [waiver of] the undue hardship defense." Street Decl., ¶ 18, Exh. D at 1. Fox *refused* to sign the stipulation they had previously agreed to sign, saying it was unnecessary because they "don't have an undue hardship defense in our answer." *Id.*

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

The sudden change seemed suspicious. We explained that to Fox's counsel. On May 23, Ms. Rodriguez responded. "Our position in this case is actually very simple … Disney/ABC/20th is not taking the position that it could not accommodate Dunbar because of a lack of resources or funds (undue hardship) – the two considerations were whether Dunbar had a sincerely held religious belief that prevented him from having any of the Covid-19 vaccines, and *if he did, to explore whether there was a safe way to reasonably accommodate him*." Street Decl., Exh. E at 3 (emphasis added). Ms. Rodriguez also repeatedly argued that "undue hardship" does not include health and safety concerns. Street Decl., ¶¶ 18-19.

We noted that the Court had already rejected that argument. Street Decl., Exh. E at 1-2. We pointed Fox's counsel to the Court's *in limine* order. *Id.* And we asked that Fox show up for the properly noticed deposition on June 2, or provide an alternative date for it, so we could gather the evidence we need to challenge Fox's safety arguments. *Id.*

Again, we said we would take that deposition off calendar if Fox signed a stipulation waiving any undue hardship defense, including health/safety concerns, at trial if the burden shifts to Fox, as stated in the Court's order. *Id.*, ¶ 21. We even drafted a proposed stipulation that tracks the language in the Court's order and invited Fox to revise it. *Id.*, Exh. F.

We sent that proposed stipulation to Fox's counsel on May 27. *Id.* They did not respond. We raised the issue again on May 29 at the limited-scope deposition of Mr. Dunbar that the Court reopened discovery for. *Id.*, ¶ 22. Again, Fox's counsel said Fox would not sign a stipulation waiving any undue hardship/health and safety defense if the burden shifts to them (they said Dunbar will lose on the first prong so they should not have to bother waiving anything). *Id.*, ¶¶ 22-23. Fox's counsel also said that Fox would *never* show up for a deposition on health/safety issues. *Id.*

Those refusals prompted this motion.

PL'S MOTION FOR SANCTIONS                                    CASE NO. 22-cv-1075-DMG (JCx)

### III.   ARGUMENT

The Court should exercise its statutory and inherent power to sanction Fox for refusing to comply with the Court's order regarding the assertion or waiver of the undue hardship defense, including a defense based on health and safety concerns, if the burden shifts at trial.

Rule 16(f) gives the Court the power to "sanction a party or a party's attorney who fails to obey a court order." *Glob. Med Grp., LLC v. New High Ltd.*, No. CV226031CASPVCX, 2023 WL 8125839, at *2 (C.D. Cal. Oct. 5, 2023). The Court also has the inherent power to issue sanctions for a party's failure to comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)

Whether under Rule 16(f) or the Court's inherent power, "[t]he purpose of Rule 16 sanctions is to encourage forceful judicial management of cases and deter conduct that unnecessarily consumes the court's time and resources." *Mireskandari v. Mail*, No. CV 12-2943, 2014 WL 12561581, at *8 (C.D. Cal. Aug. 4, 2014) (subsequent history omitted). Sanctions are also designed to "insure the expeditious and sound management of the preparation of cases for trial." *Hollywood v. Carrows Cal. Fam. Restaurants*, No. 2:18 CV 2098, 2018 WL 11348278, at *5 (C.D. Cal. Nov. 7, 2018) (quotations omitted).

"Rule 16(f) applies to all pretrial orders of whatever type and does not require a showing of bad faith before sanctions may issue." *Id.* Awardable sanctions can include, among other things, "preclusion orders, the imposition of monetary sanctions, and an order staying the proceeding." *Id.*; *see also C.B. v. Moreno Valley Unified Sch. Dist.*, No. 5:21-CV-00194-JGB-SP, 2023 WL 6782320, at *10 (C.D. Cal. Sept. 18, 2023), report and recommendation adopted, No. 5:21-CV-00194-JGB-SP, 2023 WL 6964729 (C.D. Cal. Oct. 18, 2023) (discussing this law).

The Court should award sanctions for Fox's refusal to comply with the Court's *in limine* order regarding the undue hardship/health and safety defense. The order was

PL'S MOTION FOR SANCTIONS                                  CASE NO. 22-cv-1075-DMG (JCx)

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

clear: Fox "may not present a 'health and safety' defense divorced from an undue hardship, unless they wish to waive *any* undue hardship defense, including health and safety concerns, in the event the burden shifts to them." ECF 228 at 12. That is exactly what Fox intends to do at trial. So, according to the Court's order, Fox *must* waive the undue hardship defense.

Put another way, Fox cannot litigate health and safety concerns without *either* amending its answer to assert the undue hardship defense (in which case it must also participate in the reopened discovery in good faith) *or* waiving the defense. It cannot choose not to amend *and* not to waive the defense *and* not participate in the reopened discovery.

There is no excuse for this behavior. Fox's counsel insists that they are operating in good faith. They insist that their emails about there being "no undue hardship" defense are sufficient. But they have changed positions about this issue before. Street Decl., ¶¶ 6-10, 14-20. And they are still taking a position about what "undue hardship" means, claiming that it does not encompass health/safety concerns, despite the Court specifically rejecting that argument. *Id.*, ¶ 19.

These shifting positions make it difficult to prepare for a trial that is supposed to start in four months, although Fox's counsel appears to be using the limited-scope deposition of Mr. Dunbar that occurred yesterday as another way to avoid a trial.[1] The Court should not allow that. The parties need to know what issues are in dispute, what issues are being litigated. That is the only way to determine which witnesses will testify. That is the only way to determine how long the trial will last.

---

[1] The conduct of Fox's counsel, Ms. Rodriguez, at the deposition was shocking. Among other things, Ms. Rodriguez tried to ask Dunbar questions outside the scope of the Court's order allowing the limited discovery. Street Decl., ¶ 24. She called Dunbar a liar and asked questions about his dealings with prior counsel. *Id.* She asked him demeaning questions like "So you know how to cry just on at your leisure right, Mr. Dunbar?" *Id.* And she repeatedly disparaged Dunbar's counsel, at one point saying (off the record) that she would take him "outside" and teach him a lesson. *Id.*, ¶ 25. We are including the rough draft of the deposition transcript with this motion.

PL'S MOTION FOR SANCTIONS                                  CASE NO. 22-cv-1075-DMG (JCx)

And that is why this matter is so important. After all, "the pleadings frame the issues for discovery, motion practice, and, ultimately, for the jury." *Gibson v. NCL (Bahamas) Ltd.*, No. 11-24343, 2012 WL 1952667, at *3 n.5 (S.D. Fla. May 30, 2012). It is fair, indeed critical, to require that Fox either plead the undue hardship/health and safety defense or waive it. That is likely why the Court included that choice in its *in limine* order.

Therefore, the Court should order, as an issue sanction, that Fox has waived the undue hardship defense and it should instruct the jury that, if they decide for Dunbar on the first part of the Title VII analysis (whether he had a sincerely held religious objection to vaccination), then liability is established and the jury should determine Dunbar's damages. As an evidence sanction, the Court should preclude Fox from presenting any evidence about the alleged health and safety risk of accommodating Dunbar as an unvaccinated actor on the *9-1-1* set, including expert testimony plus testimony about the alleged unvaccinated minors on the set, as Fox refused to provide Dunbar with evidence about that, despite the Court reopening discovery for that purpose. *See, e.g., C.B.*, 2023 WL 6782320, at *10 (discussing preclusion of evidence as appropriate sanction for such behavior).

## IV.   CONCLUSION

The Court should not allow that. It should grant the motion and issue the requested issue and evidentiary sanctions so the parties know exactly how to prepare this case for trial.

Respectfully submitted,

Dated:  May 30, 2025

JW HOWARD/ ATTORNEYS, LTD.

*/s/ Scott J. Street*

By: _____
Scott J. Street
Attorneys for Plaintiff ROCKMOND
DUNBAR

PL'S MOTION FOR SANCTIONS                                    CASE NO. 22-cv-1075-DMG (JCx)

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

**CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On May 30, 2025, I electronically filed the **PLAINTIFF ROCKMOND DUNBAR'S NOTICE OF MOTION AND MOTION FOR ISSUE AND EVIDENTIARY SANCTIONS DUE TO DEFENDANT'S REFUSAL TO COMPLY WITH COURT ORDER REGARDING ASSERTION OR WAIVER OF UNDUE HARDSHIP (HEALTH AND SAFETY) DEFENSE [FED. R. CIV. P. 16(f)]** and served the documents using the Court's Electronic CM/ECF Service which will send electronic notification of such filing to all registered counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 30, 2025, at San Diego, California.

/s/ Dayna Dang
Dayna Dang
dayna@jwhowardattorneys.com

PL'S MOTION FOR SANCTIONS                    CASE NO. 22-cv-1075-DMG (JCx)