UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1075-DMG (JCx)** | Date | June 26, 2025 |
|---|---|---|---|
| Title | ***Rockmond Dunbar v. Twentieth Century Fox Television., et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR SANCTIONS [231]**

Plaintiff Rockmond Dunbar filed a motion for issue and evidentiary sanctions ("MFS") against Defendants Twentieth Century Fox Film Corporation and American Broadcasting Companies, Inc. [Doc. # 231.] The motion is fully briefed. [Doc. ## 232 ("Opp."), 233 ("Reply").] Dunbar claims Defendants are not in compliance with the Court's prior Order on the parties' motions *in limine*. [Doc. # 228 ("MIL Ord.").]

The Court found, in relevant part:

> Defendants . . . may not present a "health and safety" defense divorced from an undue hardship defense, unless they wish to waive *any* undue hardship defense, including health and safety concerns, in the event the burden shifts to them. Because Defendants have asserted health and safety concerns from the outset and Dunbar was on notice of that defense from the inception of their dispute, Defendants are permitted to conform their Answer to proof and to assert their health and safety concerns as an affirmative defense. The Court *sua sponte* reopens discovery for the limited purpose of allowing Dunbar to obtain discovery on any outstanding discovery requests pertaining to Defendants' health and safety undue hardship defense. This limited discovery shall be completed by **June 9, 2025** (*see also supra* Part I(A)). Dunbar's MIL No.1 is **DENIED**.

MIL Ord. at 12.[1]

Dunbar claims Defendants are in violation of this Order by refusing to sign a joint stipulation waiving the undue hardship defense. MFS at 2, 5, 9; Reply at 3. Defendants' point out that the Court's Order does not *require* them to execute a joint stipulation stating their waiver of

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-1075-DMG (JCx)** | Date | June 26, 2025 |
| Title | ***Rockmond Dunbar v. Twentieth Century Fox Television., et al.*** | Page | 2 of 2 |

the undue hardship defense. *See* Opp. at 3. The Order makes clear that Defendants were "permitted" to conform their Answer to proof and assert their health and safety concerns as an undue hardship affirmative defense. MIL Ord. at 12. Any limited discovery of the previously closed discovery necessarily followed Defendants' exercise of this option. Defendants have expressly waived the health and safety undue hardship defense, declined to participate in discovery pertaining to that defense, and will not pursue that defense at trial. Opp. at 2, 4, 5.

Although there is one concerning communication from one of Defendants' counsel that seems to again misstate the law on undue hardship (i.e., that it pertains only to lack of resources or funds), Defendants' opposition and all other communications consistently assert they will not present the defense. *See* Decl. of Scott J. Street ISO MFS, Exhibit E [Doc. # 231-1 at 38] and Exhibit C [Doc. # 231-1 at 23]; Opp. at 5 ("Defendants [will not] be presenting an undue hardship defense, thereby waiving the defense at trial"). The Order also makes it explicitly clear that Defendants "**may not**" present a health and safety defense "divorced from an undue hardship defense." MIL Ord. at 12. This is especially true given that Defendants refused to submit to discovery regarding the health and safety defense. Should Defendants attempt to present evidence contrary to the Court's MIL Order at trial, the Court will take appropriate action, including the possibility of sanctions for violation of a court order. Defendants are well aware of what is required under the Court's MIL Order. *See* Opp. at 5–6.

Defendants are not currently in violation of this Court's order—no sanctions are warranted. Fed. R. Civ. P. 16(f). Dunbar's motion for sanctions is **DENIED**. The hearing on the MFS set for June 27, 2025 is **VACATED**.

**IT IS SO ORDERED**.