**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ROCKMOND DUNBAR,

    Plaintiff,

v.

AMERICAN BROADCASTING COMPANIES, INC.; TWENTIETH CENTURY FOX TELEVISION, A UNIT OF TWENTIETH CENTURY FOX FILM CORPORATION DOING BUSINESS AS 20TH TELEVISION,

    Defendants.

No. CV 22-1075-DMG (JCx)

**FINAL PRETRIAL CONFERENCE ORDER**

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and C.D. Cal. Local Rule 16, **IT IS ORDERED**:

## 1. THE PARTIES

The Parties are: (a) Plaintiff Rockmond Dunbar; and, (b) Defendants American Broadcasting Companies, Inc., Twentieth Century Fox Television, A Unit of Twentieth Century Fox Film Corporation d/b/a 20th Television. All Defendants have been served and have appeared. All other parties named in the pleadings and not identified in the preceding paragraphs are now dismissed. The pleadings which raise the issues are Plaintiff's Second Amended Complaint [Doc. # 49] and Defendants' Answer to Plaintiff's Complaint for Damages [Doc. ## 61, 62].

## 2. JURISDICTION

Federal jurisdiction and venue are invoked upon the grounds that the Court has original jurisdiction pursuant to 42 U.S.C. § 2000e-2, 42 U.S.C. § 12112 and 28 U.S.C. § 1331 because this action arises under federal law. Venue is proper in this Court because Defendants operate corporate headquarters in this district, and one or more of Defendants' acts and those events complained of occurred herein, pursuant to 28 U.S.C. § 1391. In addition, venue is proper because the Plaintiff and Defendants consented to the exclusive jurisdiction and venue in this Court in the Plaintiff's employment contract pursuant to 28 U.S.C. § 1404(a). The facts requisite to federal jurisdiction and venue are not contested.

## 3. LENGTH OF THE TRIAL

The trial shall commence October 14, 2025 and shall conclude within four (4) trial days. Each side shall be allotted 6 hours for its respective case-in-chief (including all direct and cross-examination, but excluding *voir dire*, opening statements, and closing arguments).

## 4. JURY TRIAL

This trial is to be a jury trial. The parties have filed and served their proposed set of jury instructions and proposed special verdict forms and objections thereto. [Doc. ## 134,

140, 145, 212, 218.] The supplemental pretrial filings permitted by the Court in the February 11, 2025 Final Pretrial Conference shall be filed by September 2, 2025.

## 5. ADMITTED FACTS

The facts stated in the Parties' Joint Stipulation of Facts [Doc. # 138] are admitted and require no proof.

## 6. STIPULATED FACTS

The Parties do not agree on any stipulated facts.

## 7. PARTIES' CLAIMS AND DEFENSES

Plaintiff's claims and Defendants' affirmative defenses to be presented at trial:

**Plaintiff's Claims**:

**(a) Plaintiff plans to pursue the following claim against all Defendants:**

*Claim 1:* Religious Discrimination for Failure to Accommodate pursuant to Title VII of the Civil Rights Act of 1964.

**(b) The elements required to establish Plaintiff's Claim 1 are:**

a. That Plaintiff has a *bona fide* religious belief, the practice of which conflicted with an employment duty, in this case, a vaccination requirement;

b. Defendants were aware of Plaintiff's belief and conflict;

c. Defendants discharged, threatened, or otherwise subjected Plaintiff to an adverse employment action due to his inability to fulfill the job requirement.

*See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

**(c) In brief, the key evidence Plaintiff relies on Claim 1 is:**

a. Plaintiff and his wife, Maya Dunbar's testimony and supporting documents to establish Plaintiff's sincerely held religious belief that conflicted with his employment duties;

b. Testimony from Plaintiff, his managers Ray Moheet and Norman Aladjem, his agent, Sheree Cohen, Defendants' representatives Erin Nguyen, Timothy

        Minear and Tanya Menton, and supporting documents to establish that Plaintiff informed his employer of the belief and conflict;

    c. Testimony from Plaintiff, his managers Ray Moheet and Norman Aladjem, his agent, Sheree Cohen, Defendants' representatives Erin Nguyen, Timothy Minear and Tanya Menton, and supporting documents to establish that Plaintiff was discharged because of his inability to fulfil the job requirement.

**Defendants' Affirmative Defenses**:

**(a) Defendants plan to pursue the following affirmative defenses:** [1]

*Affirmative Defense 1*:  After Acquired Evidence.

*Affirmative Defense 2*:  Plaintiff's Duty to Mitigate Damages.

*Affirmative Defense 3*:  Unclean Hands.

**(b) The elements required to establish Defendants' affirmative defenses are:**

*Affirmative Defense 1:*  Defendants must prove by a preponderance of the evidence that Defendants could have made the same decision and would have discharged Plaintiff because of the after-discovered misconduct.  *See* Ninth Circuit Model Civil Instruction 10.16 Civil Rights—Title VII—Defense—After Acquired Evidence.  *See also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1070 (9th. Cir. 2004) (internal quotation omitted).

*Affirmative Defense 2:*  Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.  Defendants have the burden of proving by a preponderance of the evidence:

    1.    That Plaintiff failed to use reasonable efforts to mitigate damages; and

    2.    The amount by which damages would have been mitigated.

*See* Ninth Circuit Model Civil Instruction 5.3 Damages—Mitigation.

*Affirmative Defense 3:*  "The unclean hands doctrine closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Adler v.*

---

[1] Defendants have expressly waived any health and safety undue hardship affirmative defense.  [Doc. # 232 at 2, 4, 5.]  *See* June 26, 2025 Order re Plaintiff's Motion for Sanctions.

*Fed. Republic of Nigeria*, 219 F.3d 869, 876–77 (9th Cir. 2000) (internal quotations removed). Defendants must show Plaintiff did not act fairly and with fraud or deceit as to the controversy in issue. *Id. See also Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995) (applying the unclean hands doctrine to a Title VII claim); *U.S. E.E.O.C. v. Cath. Healthcare W.*, 530 F. Supp. 2d 1096, 1108 (C.D. Cal. 2008) (same).

**(c) In brief, the key evidence Defendants rely on for affirmative defenses are:**

**Affirmative Defense 1:**

Defendants will present evidence, through documents and testimony, that: (1) Dunbar verified the information submitted in his request for accommodation and understood that any misrepresentation contained in the request for accommodation would subject him to disciplinary action including termination; (2) Defendants learned through discovery that the information Dunbar submitted in support of his request for accommodation included misrepresentations; and (3) Dunbar would have been terminated for such conduct.

**Affirmative Defense 2:**

Defendants will present evidence, through documents and testimony, that Dunbar did not make reasonable efforts to mitigate his damages, including through taking other forms of employment.

**Affirmative Defense 3:**

Defendants will present evidence through documents and testimony, that Dunbar's conduct precludes him from an award in equity, including:

1. Dunbar's concealment of his objection to the vaccine mandate;
2. Dunbar's willful and repeated avoidance of Defendants' attempts to communicate with him and his agents; and
3. Dunbar's misrepresentations regarding the basis for his requests for medical and religious discrimination.

//

**8. ISSUES TO BE TRIED**

In view of the admitted facts and the elements required to establish the claims, and affirmative defenses, the following issues remain to be tried:

    a. Whether Plaintiff had a sincerely held religious belief within the meaning of Title VII;

    b. Whether Defendants could have made the same decision and would have discharged Plaintiff because of the after-discovered misconduct;

    c. Whether Plaintiff failed to use reasonable efforts to mitigate damages, and the amount by which damages would have been mitigated; and

    d. Whether Plaintiff did not act fairly and with fraud or deceit as to the controversy in issue.

*See* Doc. # 121 at 25 ("Summary Judgment Order").

**9. DISCOVERY**

All discovery is complete. *See* MIL Order at Part I(A), I(G).

**10. DISCLOSURES AND EXHIBITS**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made. The parties' joint exhibit list shall be filed under separate cover as required by C.D. Cal. Local Rule 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits to which a timely objection has been interposed in a timely filed pretrial exhibit stipulation or supplemented pretrial exhibit stipulation. The Parties' objections to those exhibits are currently detailed in the Parties' amended pretrial exhibit stipulation. [Doc. # 216.]

**11. WITNESS LISTS**

Witness lists of the parties have been filed with the Court. Only witnesses identified in a timely filed witness list or supplemental witness list will be permitted to testify (other than solely for impeachment).

//

**12. DEPOSITIONS**

Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with C.D. Cal. Local Rule 16-2.7.

In addition, pursuant to the Court's Scheduling and Case Management Order [Doc. # 70] "all depositions to be used at trial, either as evidence or for impeachment, [will] be lodged with the courtroom deputy clerk on the first day of trial" as required by C.D. Cal. Local Rule 32-1:

    a. Rockmond Dunbar
    b. Maya Dunbar
    c. Erin Nguyen
    d. Timothy Minear
    e. Sheree Cohen
    f. Tanya Menton
    g. Dr. Walter Schilling
    h. Dr. Glenn Braunstein
    i. Dr. Robert Sniderman
    j. Dr. Ram Durisetti
    k. Dr. Eric Fong

**13. MOTIONS**

All motions have been resolved.

**14. BIFURCATION**

None (although the Parties agree that equitable issues will be tried exclusively to the Court).

**15. SUPERSEDE**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference

Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED: June 26, 2025

*[signature: Dolly M. Gee]*

DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE