MARIA RODRIGUEZ (SBN 194201)
mcrodriguez@mwe.com
CHRISTOPHER BRAHAM (SBN 293367)
cbraham@mwe.com
ARIEL BEVERLY (SBN 324656)
abeverly@mwe.com
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Attorneys for Defendants
TWENTIETH CENTURY FOX FILM
CORPORATION and AMERICAN
BROADCASTING COMPANIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKMOND DUNBAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN BROADCASTING COMPANIES, INC.; TWENTIETH CENTURY FOX TELEVISION, A UNIT OF TWENTIETH CENTURY FOX FILM CORPORATION DOING BUSINESS AS 20TH TELEVISION,<br><br>　　　　Defendants. | CASE NO. 2:22-cv-1075-DMG (JCx)<br><br>**DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION AND AMERICAN BROADCASTING COMPANIES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR REVIEW OF MAGISTRATE JUDGE CHOOLJIAN'S ORDER STRIKING DEFENDANTS' MOTION TO COMPEL**<br><br>Date: August 29, 2025<br>Time: 9:30 am<br>Courtroom: 8C<br><br>Trial Date: October 14, 2025 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For the three years this case has been pending, Plaintiff Rockmond Dunbar ("Plaintiff") concealed, among others, his regular use of synthetic substances. He did so because ingestion of those substances violates the tenets of his purported faith that is the basis for this lawsuit. His conduct operated to suppress material information that strikes at the core issue of his single surviving claim: whether he had a sincerely held religious belief that legitimately precluded him from vaccination against Covid-19.

This Court recognized Plaintiff's misconduct and permitted Defendants Twentieth Century Fox Television, a Unit of Twentieth Century Fox Film Corporation and American Broadcasting Companies, Inc. (collectively, "Defendants") to re-depose Plaintiff pertaining to his concealed use of synthetic testosterone and the breast cancer drug, anastrozole. Defendants did just that, but Plaintiff's efforts to obstruct the truth seeking process continued when he refused to respond to questions about his failure to disclose this material information in discovery.

During Plaintiff's court-ordered deposition, the parties attempted to engage this Court and Magistrate Chooljian to assist in resolving the dispute over Plaintiff's refusal to answer questions, but the deposition ended before the Magistrate was available. Defendants thereafter promptly worked with Plaintiff to prepare a joint stipulation pursuant to L.R. 37-2 regarding Defendants' motion to compel deposition testimony from Plaintiff on a narrow set of questions. Magistrate Judge Chooljian struck Defendants' Motion as untimely because it was filed after the June 9, 2025 deadline set by this Court to complete Plaintiff's deposition. *See* Dkt. 238. But in so doing, the Magistrate's ruling imposed deadlines not set by this Court.

This Court's Order on the parties' motions *in limine* plainly stated that discovery regarding Plaintiff's use of synthetic testosterone and anastrozole was re-opened until June 9, 2025, but unlike the Court's initial scheduling order (Dkt. 70), it did not provide that the date was inclusive of the deadline for hearing motions related to that limited

- 1 -
DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE CHOOLJIAN'S ORDER STRIKING DEFENDANTS' MOTION TO COMPEL

1 discovery. Dkt. 228. As such, the filing of the parties' joint stipulation on July 2, 2025, with a motion hearing date of July 29, 2025, was not untimely, and the Magistrate Judge's Order holding that it was is erroneous.

Accordingly, for the reasons set forth herein, Defendants respectfully request that the Court grant their motion for review and reject the Magistrate's Order striking the parties' joint stipulation regarding Defendants' motion to compel.

## II. PLAINTIFF CONCEALED MATERIAL INFORMATION WHICH THIS COURT REMEDIED BY REOPENING PLAINTIFF'S DEPOSITION

During expert discovery, Defendants, with the assistance of their experts, subpoenaed and reviewed Plaintiff's medical records and deduced that Plaintiff was most likely injecting himself with synthetic testosterone and taking anastrozole (a medication prescribed to breast cancer patients)—responsive and directly relevant information that Plaintiff did not disclose during discovery. Defendants then raised Plaintiff's failure to disclose this medical information in a motion *in limine*, and on February 24, 2025, this Court issued an Order holding that Plaintiff had "engaged in repeated obstruction and failure to disclose a large number of medical providers [which could not] be attributed to mere negligence or forgetfulness." Dkt. 228 ("MIL Order") at 4. To ensure that Plaintiff's conduct was "penalized and deterred," the Court re-opened discovery until June 9, 2025 to allow Defendants to re-depose Plaintiff and his doctor regarding Plaintiff's use of synthetic testosterone and anastrozole. *Id.* The MIL Order did not state that **motions** arising out of this limited discovery period had to be filed or heard prior to June 9, 2025. *Id.*

Defendants re-deposed Plaintiff on May 29, 2025, which was the first mutually available date for counsel and Plaintiff. Rodriguez Decl. ¶ 3. During this second, court-ordered deposition, Plaintiff refused to answer questions about his failure to disclose his use of testosterone, the provider who supplied him with the testosterone, records evidencing his use of testosterone, and whether Plaintiff consulted with his spiritual leader or anyone else prior to beginning use of testosterone. Indeed, Plaintiff's counsel

1 instructed his client not to answer any questions regarding his deficient discovery responses or Plaintiff's reasons behind failing to disclose his continuous use of synthetic testosterone and chemically compounded anastrozole, claiming that the information "could" invade attorney-client privilege. Plaintiff's counsel maintained his instructions not to answer despite admitting that ***he did not know*** if the information sought was in fact privileged, nor did he confer with his client to ascertain that.

Defendants then prepared a motion to compel Plaintiff to respond to the deposition questions regarding his failure to disclose the use of synthetic testosterone and anastrozole during discovery. Pursuant to L.R. 37-2, Defendants served Plaintiff with their portion of the joint stipulation on June 25, 2025. Rodriguez Decl. ¶ 6. Plaintiff returned the joint stipulation on July 2, 2025, and Defendants filed the joint stipulation that same day. *Id.*; *see also* Dkt. 236.

On July 9, 2025, Magistrate Judge Chooljian issued an Order striking the joint stipulation as untimely, and—relying on language in the Court's March 7, 2023 Scheduling Order (Dkt. 70), ***not*** the Court's MIL Order—held that the June 9, 2025 discovery completion date encompassed not only the deadline to re-depose Plaintiff, but also the deadline for hearings on any related motions. Dkt. 238. This ruling was in error.

### III. <u>LEGAL STANDARD</u>

"A district judge retains the ultimate responsibility for the disposition of a case and, consequently, 'may accept, reject, or modify' any order made by a magistrate judge." *Villasanti v. Cnty. of Riverside*, 2024 WL 5504905, at *2 (C.D. Cal. Dec. 26, 2024). Central District Local Rule 72-2.1 provides that "[a]ny party objecting under [Fed. R. Civ. P.] 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection." *See also* Fed. R. Civ. P. 72(a). "[A] district judge may modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to

law." *See Villasanti*, 2024 WL 5504905, at *2 (internal quotation marks omitted). A motion for review must be filed "within fourteen (14) days of service of a written ruling." L.R. 72-2.1.

As an initial matter, this motion is timely because it was filed within fourteen days of the entry date of Magistrate Judge Chooljian's Order on July 9, 2025. Dkt. 238. Moreover, for the reasons set forth herein, the Magistrate Judge's Order was erroneous because the Court's MIL Order did not identify June 9, 2025 as a deadline for resolving disputes arising out of the limited discovery that the Court's MIL Order permitted. As such, neither the hearing date on Defendants' joint stipulation, nor the joint stipulation itself, were untimely.

## IV. THE COURT'S MIL ORDER DOES NOT PROVIDE THAT MOTIONS ARISING OUT OF RE-OPENED DISCOVERY HAD TO BE HEARD BY JUNE 9, 2025

The Court need only answer one issue: did its MIL Order instruct the parties that any motions arising from the additional discovery must be heard by June 9, 2025? Defendants have reviewed the MIL Order diligently, as well as the transcript from the February 13, 2025 hearing. There is no instruction in either that discovery motions were to be heard by June 9, 2025.

As a result, Magistrate Judge Chooljian's Order does not cite any language in the Court's MIL Order that would have required the parties to file, or have set for hearing, their joint stipulation regarding Defendants' motion to compel by June 9, 2025. Rather, that Order relies on the Court's March 7, 2023 scheduling order (Dkt. 70), which does explicitly provide that the non-expert discovery deadline was also "the date by which all discovery, including all hearings on any related motions," was to be completed. *Id.* at 2 (emphasis omitted). But the Court's MIL Order states no such thing.

Instead, the Court's MIL Order simply holds that **limited discovery "to redepose Rockmond Dunbar and Dr. Fong regarding Dunbar's treatment with synthetic testosterone and anastrozole . . . shall be completed by June 9, 2025**." Dkt. 228 at 4.

It also required that Defendants prepare a concise statement of established facts regarding Plaintiff's use of these medications, and that the parties were to submit a joint status report by July 7, 2025 regarding those facts, which they did on that date. *See* Dkt. 237. The MIL Order ***does not*** state that motions arising out of the limited re-opened discovery were to be filed by June 9, 2025, nor does it state that this deadline encompasses hearings on such motions.

The Magistrate Judge's Order holding that the joint stipulation regarding Defendants' motion to compel was untimely is in error because the Court's MIL Order did not state that the June 9, 2025 discovery deadline encompassed the hearing deadline for motions arising out of the limited discovery.[1] As such, Defendants' motion for review should be granted and the Magistrate Judge's Order should be reversed. *See Laub v. Horbaczewski*, 2019 WL 3492402, at *22 (C.D. Cal. July 30, 2019) (granting motion to review and reversing magistrate judge's order denying the defendants' request to re-open a deposition because "it was clear error to permit [the] [d]efendants no means of seeking information from [the witness] on the inconsistencies between her deposition testimony and her subsequent declaration"); *Larin Corp. v. Alltrade, Inc.*, 2008 WL 11340048, at *2 (C.D. Cal. Mar. 19, 2008) (granting motion to review and reversing magistrate judge's order denying the plaintiff's motion to re-open a deposition when the magistrate judge's interpretation of the Federal Rules of Civil Procedure was clearly erroneous).

## V. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for review and reject Magistrate Judge Chooljian's Order striking the parties' joint stipulation regarding Defendants' motion to compel Plaintiff to attend a third deposition and

---

[1] The first mutually agreeable deposition date for both parties was May 29, 2025, a little over a week before the June 9 deadline. While Defendants diligently worked to file the joint stipulation regarding its motion to compel, even if it was served on Plaintiff the day of his deposition, Defendants would not have been able to comply with a June 9, 2025 hearing deadline given the availability of Plaintiff and counsel for the parties.

- 5 -
DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE CHOOLJIAN'S ORDER STRIKING DEFENDANTS' MOTION TO COMPEL

answer questions about his failure to disclose his use of synthetic testosterone and anastrozole during discovery.

Dated: July 23, 2025      **MCDERMOTT WILL & EMERY LLP**

By: _____
    MARIA RODRIGUEZ
    CHRISTOPHER BRAHAM
    ARIEL BEVERLY
    Attorneys for Defendants
    TWENTIETH CENTURY FOX
    FILM CORPORATION and
    AMERICAN BROADCASTING
    COMPANIES, INC.