Scott J. Street (SBN 258962)
Mitchell B. Stein (SBN 82966)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com
mitchell@jwhowardattorneys.com

Attorneys for Plaintiff ROCKMOND DUNBAR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKMOND DUNBAR,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AMERICAN BROADCASTING COMPANIES, INC; TWENTIETH CENTURY FOX TELEVISION, A UNIT OF TWENTIETH CENTURY FOX FILM CORPORATION DOING BUSINESS AS 20TH TELEVISION,<br><br>　　　　Defendants. | Case No. 22-cv-1075-DMG (JCx)<br><br>[Assigned to the Hon. Dolly Gee]<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>[Filed concurrently with Declarations of Rockmond Dunbar and Scott J. Street]<br><br>Date: September 12, 2025<br>Time: 9:30 a.m.<br>Crtrm.: 8C |

///
///
///
///
///
///
///
///

This case is set for trial in October on Rockmond Dunbar's claim that his former employer, Twentieth Century Fox Television ("Fox"), violated Title VII of the Civil Rights Act when it refused to accommodate his religious objection to COVID-19 vaccination and fired him from the hit show *9-1-1*.

Although the motion cutoff passed long ago, and trial is imminent, Fox continues to file motions to try to avoid trial. Now it wants the Court to modify the scheduling order so it can reconsider the summary judgment order it issued seventeen months ago. The Court should deny the motion for two reasons.

*First*, Fox did not act diligently in seeking this relief. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citations omitted). Thus, a scheduling order can "be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is a strict standard. For good reason, as the Federal Rules of Civil Procedure exist to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

"Whether good cause exists turns on the diligence of the moving party." *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) (quotations omitted). "Courts decline to find good cause if the party knew or should have known steps it needed to take (amending a pleading, deposing a witness, etc.) in advance of the deadline sought to be extended." *Cardew v. New York State Dep't of Corr. & Cmty. Supervision*, 743 F. Supp. 3d 523, 526 (W.D.N.Y. 2024) (quotations omitted) (cleaned up); *see also Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 n.3 (W.D.N.Y. 2012) (finding no good cause where counsel did "little or nothing to schedule depositions" until shortly before deadline).

Fox did not make that showing. The Court issued its summary judgment order on March 8, 2024. That was **seventeen months ago.** Thus, on its face, Fox's motion is

untimely.

Furthermore, Fox did not show good cause for its delay in seeking this relief. It says it did not discover the evidence on which it based this motion until the second session of Mr. Dunbar's deposition. The deposition occurred on May 29. Declaration of Scott J. Street dated August 20, 2025 ("Street Decl."), at ¶ 10. That was more than two months ago. There is no reason Fox could not have raised this issue sooner. Indeed, Fox *did* file multiple motions during those two months. One was stricken because it violated the Court's scheduling order. ECF 238. The other is awaiting decision but should be denied for the same reason. *See* ECF 240 (explaining why).

The burden was on Fox. If it genuinely believed that it had new evidence to justify this extraordinary relief, it would have filed the motion immediately. Instead, it sought other relief. Only after those efforts failed did it try this tactic. That is not proper. Indeed, back in January, Fox attacked us for asking the Court to certify one legal issue from the summary judgment decision for interlocutory appeal, arguing that we waited too long to seek that relief. *See* ECF 202 at 11 (citing cases).

For this reason alone, the Court should deny the motion.

*Second*, Fox did not show grounds for reconsidering the summary judgment order. Such motions must be based on "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." C.D. Cal. Local Rule 7-18.

This is a high standard. "Motions for reconsideration are disfavored … and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz.

2003) (citation omitted); *see also Kulick v. Moynihan*, No. CV215548DMGPVCX, 2022 WL 3127899, at *1 (C.D. Cal. June 17, 2022) (denying motion that did not meet this high standard).

The only part of Local Rule 7-18 that Fox has mentioned is part (b)'s reference to "new material facts" it learned at Dunbar's May 29 deposition. But the facts it listed are not new. For example, Fox cited an off-the-cuff comment Dunbar made at the May 29 deposition about the Covid-19 shots being "garbage." Fox's counsel did not ask Dunbar what he meant about that, though. He says it was synonymous with "disease," which he has said his religious beliefs tell him not to put into his body. Declaration of Rockmond Dunbar dated August 14, 2025 ("Dunbar Decl."), ¶¶ 2, 5.[1]

Fox is simply regurgitating the same argument it made on summary judgment: that Dunbar's decision to not take the COVID-19 shot was a "personal preference" not one that stemmed from a sincerely held religious belief. *See* ECF 99-1 at 24 (arguing that "Dunbar arrived at the conclusion that the COVID-19 vaccine was evil, which is a personal preference and not a protected religious belief"). And, as the Court noted in its summary judgment order, Fox "spill[ed] much ink contesting the sincerity of Dunbar's beliefs in light of the evidence that he has repeatedly taken actions that would contradict CUW beliefs." ECF 121 at 9. The Court acknowledged that in its summary judgment order, finding that while "Defendants identify evidence that seems to undermine the sincerity of Dunbar's religious beliefs … Dunbar has also presented evidence that suggests—under a lower than preponderance burden—that his beliefs are strongly held and genuine nonetheless." *Id.* at 10.

That is why the Court denied summary judgment. It recognized that deciding

---

[1] Fox also cited Dunbar's partial response to a question about whether he was "concerned that if [he] disclosed the synthetic testosterone [during discovery], it could undermine [his] position" in this litigation. Dunbar began to say "absolutely not" but, before he could complete that answer, we objected and instructed him not to answer the question, consistent with our position about such questions being outside the scope of the May 29 deposition. Street Decl., ¶ 15; Dunbar Decl., ¶ 3. The Court is welcome to view the video of the deposition to see that context.

"whether a religious belief is 'sincerely held,' is a 'question of credibility.'" *Kluge v. Brownsburg Cmty. Sch. Corp.*, No. 1:19-CV-02462-JMS-KMB, 2024 WL 1885848, at *14 (S.D. Ind. Apr. 30, 2024) (quoting *Nottleson v. Smith Steel Workers D.A.L.U. 19806*, 643 F.2d 445, 455 (7th Cir. 1996)). Juries make credibility determinations. *Bordelon v. Airgas USA, LLC*, 603 F. Supp. 3d 946, 961 (D. Or. 2022). That is true even with respect to COVID-19. *See Shields v. Main Line Hosp., Inc.*, 700 F. Supp. 3d 265, 273 (E.D. Pa. 2023) (finding sincerity of plaintiff's religious objection to COVID-19 shot to be "question of fact best reserved for a factfinder when determining credibility"); *see also Scafidi v. B. Braun Medical, Inc.*, 713 F. Supp. 3d 1231, 1242-43 (M.D. Fl. 2024) (same).

Moreover, even if Dunbar's statement about the COVID-19 shot being "garbage" reflected a secular belief (it didn't), that does not matter. "Title VII does not protect medical, economic, political, social, or personal preferences …." *Prodan v. Legacy Health*, 716 F. Supp. 3d 1044, 1049 (D. Or. 2024). But that rule focuses only on "'*purely* secular' philosophical concerns." *Id.* at 1049 (quoting *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (emphasis added). Thus, the "coincidence of religious and secular claims in no way extinguishes the weight appropriately accorded the religious one." *Callahan*, 658 F.2d at 684.

Fox has options, of course. It can present all this evidence to the jury in October. It will have plenty of time, especially since the Court has now deemed Fox to have waived the undue hardship defense. ECF 234. Its counsel will have ample time to cross-examine Dunbar about his religious beliefs.

One wonders why Fox is trying to avoid that. After all, Fox's counsel, Maria Rodriguez, said she and her client were ready for trial back in January. Street Decl., ¶ 12. That is why Fox opposed Dunbar's motion to certify one issue from the Court's summary judgment ruling for an immediate appeal. ECF 202. In fact, the Court and Dunbar's counsel wanted to try the case during the spring. Street Decl., ¶ 13. It was

only because of the unavailability of Fox's counsel that trial got pushed to October. *Id.*

That may have been a tactic to delay trial while fishing for a way to avoid it altogether. Perhaps that is why Fox declined to amend its answer to assert an undue hardship defense, as Ms. Rodriguez said it would do, and refused to participate in discovery about "health and safety" matters. *See* ECF 231 (Dunbar's motion for sanctions about those issues). Perhaps that is why Fox spent the summer filing untimely discovery motions instead of preparing the case for trial. Perhaps that is why Disney recently settled the high-profile discrimination case filed against it by the former *Mandalorian* actress Gina Carano and said it "look[ed] forward to identifying opportunities to work together with Ms. Carano in the near future."[2]

And perhaps that is why Fox recently announced that the actors who played Dunbar's children on *9-1-1* would return for Season 9, but not Dunbar himself. Dunbar Decl., ¶ 4.

Put simply, Fox does not want to be going through a trial with Dunbar under these circumstances. It will do anything to avoid trial. The Court should not reward that behavior. It should send Fox a clear message: discovery is over. Motion practice is over. It is time to settle the case or try it.

Respectfully submitted,

Dated: August 21, 2025

JW HOWARD/ ATTORNEYS, LTD.

By: */s/ Scott J. Street*

Scott J. Street
Attorneys for Plaintiff ROCKMOND DUNBAR

---

[2] https://www.hollywoodreporter.com/business/business-news/disney-lucasfilm-settle-lawsuit-gina-carano-mandalorian-firing-1236339825/

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On August 21, 2025, I electronically filed the **OPPOSITION TO DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER** and served the documents using the Court's Electronic CM/ECF Service which will send electronic notification of such filing to all registered counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 21, 2025, at San Diego, California.

*/s/ Dayna Dang*
Dayna Dang
dayna@jwhowardattorneys.com